IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON C. HUBBARD | ) | CASE NO. 1:10CV2059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CLEVELAND CLINIC ADMIN. HOSPITALS | ) ) | MEMORANDUM OF OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Devon C. Hubbard filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Cleveland Clinic Admin. Hospitals. He asserts that he had his son rushed to the hospital because of rectal bleeding. The doctor advised him that his son would be fine, and that he should go to work. When Plaintiff returned to the hospital, he was not allowed to see his son. Because he complained, security forced him to leave. Later, he received a phone call asking him to return to talk. Upon his return to the hospital, Plaintiff was arrested and charged with Rape, Kidnapping and Child Endangering. In fact, the Cuyahoga County Common Pleas Court Docket shows that Plaintiff was indicted on those crimes, and his case is pending. *State of Ohio v. Hubbard*, Case No. CR-10- 534449. Plaintiff seeks $21,000.000.00 in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Title 42 U.S.C. § 1983 provides a right of action for violation of federal rights or guarantees. *Gardner v. City of Cleveland*, 656 F. Supp.2d 751, 758 (N.D. Ohio, 2009). In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Cleveland Clinic Admin. Hospitals is a private party and could not have been acting under color of state law. Further, Plaintiff was not arrested by the Clinic police. He was merely forced to leave the hospital. There is nothing in the Complaint indicating that Plaintiff's rights were violated under the United States Constitution or laws of the United States by the Clinic.

Further, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate

activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 18, 2010           **S/Christopher A. Boyko**
                                  JUDGE CHRISTOPHER A. BOYKO
                                  UNITED STATES DISTRICT JUDGE